WATERBURY RIVER TURNPIKE COMPANY *vs.* THE TOWNS OF LITCHFIELD, PLYMOUTH, AND HARWINTON.

Upon an application of a turnpike company to the county commissioners for a discontinuance of a part of their road, under the provisions of the acts of 1854 and 1855 providing for such an application, the commissioners made a report to the superior court, discontinuing such part of the turnpike, and stating as the ground of their decision, that the principal travel over the road, which had formerly been through-travel, had become diverted to various railroads since constructed within the state, so that the present travel was almost wholly local, and that over the portion of the road in question insufficient for its support, and such as ought to be provided for by ordinary highways, and that the entire road had become wholly unprofitable, although the entire tolls were sufficient for its support.   On a remonstrance, by certain towns interested, against the acceptance of the report,—it was held,

1. That the superior court had authority to judge of the sufficiency of the facts stated in the report as the grounds of the decision of the commissioners, the statute implying such authority in requiring the commissioners to report the grounds of their decision.

2. That the facts presented by the report of the commissioners were sufficient.

3. That the fact that the turnpike company received a benefit from the relinquishment of the more unprofitable part of the road, and the retention of the more profitable part, did not constitute a decisive reason why the former should not be discontinued.

4. That the towns upon which the road thus discontinued as a turnpike was imposed as a public highway, could not reasonably complain, as they could procure its discontinuance if not required by public convenience, and if so

required, it was their duty to provide the highway, and they were benefited in having it laid out and constructed without expense to themselves.

5. That the imposition of this burden on the towns, with the incidental benefit to the turnpike company, did not constitute a taking of property for public use without compensation within the prohibition of the constitution.

THE facts in this case sufficiently appear from the opinion of the court.

*Kellogg* and *Barbour*, for petitioners.

*Catlin* and *Hickok*, for respondents.

HINMAN, J.    The county commissioners for Litchfield county discontinued so much of the petitioners' turnpike as was situated in the county, and the question is whether the proceeding is authorized by the statute of 1854, (Compilation of 1854, p. 603,) and the act of 1855 in addition thereto. (Acts of 1855, p. 77.)

The act of 1854 expressly confers upon the county commissioners power to discontinue the whole or any portion of a turnpike, on a proper application to them for that purpose, the company having first opened their gate or gates, and omitted to take toll at the same; and the act of 1855 merely directs that they shall make a report to the superior court at its next session, in which they shall state their decision, and the principal grounds on which it is made; and authorizes the towns interested in, or affected by such report, to remonstrate against the acceptance of the report "for any irregular or improper conduct of said commissioners in the performance of their duties."

We have no disposition to deny that the court is competent to judge of the sufficiency of the reasons for the decision of the commissioners, as well as of the regularity and propriety of their conduct.    Indeed this seems to follow from the fact that the commissioners are bound to report the grounds on which their decision is made.    Still, the finding of the commissioners, like the findings of auditors and committees, must be conclusive as to all matters of fact determined by

Waterbury River Turnpike Company *v.* Litchfield.

them; and in this case we think the facts are such as the legislature contemplated as sufficient to justify the discontinuance of a turnpike or a part of it. The commissioners find that the former travel upon this road was through-travel from Litchfield county to tide water, which, since the construction of various railroads in the state, has been diverted from the turnpike, so that the present travel is almost entirely local, and the road has become entirely unprofitable and without return, and so much of the road as lies within the limits of Litchfield county can not be supported by the travel there is upon it; and the commissioners say that the present travel upon the road is such as ought to be provided for by ordinary highways. Now as the legislature has, by authorizing the various railroads which are referred to as diverting the travel from this turnpike, been the means of depriving the road of its former patronage, and by reason thereof has rendered the section of road which the commissioners discontinued a burden rather than a source of profit to the petitioners, it seems quite reasonable that the turnpike should be discharged of this burden, and we think therefore that this, to say nothing of any other ground mentioned in the report, was quite sufficient for the commissioners to act upon. But it is claimed that if the tolls upon the whole road are sufficient to keep the road in repair, the commissioners have no right to discontinue any portion of it, and that to do so is in effect to take a burden from the petitioners and wrongfully throw it upon the towns. The towns however are bound to maintain all the ordinary highways that are of common convenience and necessity, and all that is done by discontinuing the turnpike is to leave the towns in the same condition they were in before any turnpike was chartered. If the road is not of common convenience and necessity, the towns can easily free themselves from the burden of supporting it by discontinuing it altogether, and if it is of common convenience, then the towns have been benefited by having a road built for them without expense on their part, which they have only to maintain as they do all their roads, but few of which, though of common convenience and necessity, it is

presumed could be kept in repair if they depended entirely upon such tolls as are ordinarily charged upon turnpikes.

It was suggested that inasmuch as the discontinuance as a turnpike of the unproductive part of the road threw the burden of maintaining it as a highway upon the towns, and at the same time increased the value of the part not discontinued, it was obnoxious to the objection of taking property from the towns for the benefit of the petitioners, and was, therefore, in conflict with the principles of natural justice and of the constitution of the state. But this argument proves too much. It might be used with the same force in favor of all towns, boroughs, and cities which are burdened with the building of such necessary highways, streets and bridges, as they are bound by law to build and maintain. The legislature, in most cases, has provided for the maintenance of public ways, by throwing the burden of making and supporting them upon these various municipal corporations, instead of any more direct mode of accomplishing the same object, and they are undoubtedly maintained at less expense and in a better condition than they would be if built by the state alone, and so long as there is no greater inequality in the burden of supporting them than has heretofore been felt, we presume neither the defendants, nor any body else, would wish to see the system changed. However this may be, it is quite too late to discuss the question whether the system is constitutional or not. We therefore advise the superior court to accept the report of the commissioners, and pass a decree in favor of the petitioners.

In this opinion the other judges concurred.

Report to be accepted and petition granted.